Earl, J.
In view of the difficulty in constructing a useful passage under the railroad, and the inutility to plaintiffs of such passage, if constructed it was certainly within the discretion of the court below, in the exercise of its equitable jurisdiction, to deny specific performance of defendant’s contract to construct the passage, and leave the plaintiffs to their remedy for damages for breach of the covenant. Trustees of Columbia College v. Thacher, 87 *446 N. Y., 311. There was no allegation in the complaint that the plaintiffs had suffered any damage from the breach of the covenant to construct the passage. There was no proof upon the trial which authorized the court to award any damages for such breach, and there was no claim made by the plaintiffs that, if specific performance should be denied, the case should be reserved for further proof and hearing as to the damages. The whole case was submitted to the trial judge upon the proofs given, and he did not err, under the circumstances, in leaving the plaintiffs to their action at law to recover their damages for the breach of covenant. He found, however, as matter of law, that they had not sustained any damages from the breach of the covenant. That finding was properly based upon the finding of fact that they had proved no amount of damages from the breach of the covenant, and cannot be given wider scope. Mary F. Murtfeldt, one of the plaintiffs, had a life-estate in the premises to be benefited by the covenant, and the other plaintiffs were owners of the reversion, and hence the plaintiffs were not jointly interested in these damages, and it is difficult to perceive how the reversioners are entitled, at this time, to any damages for breach of this covenant, and hence the learned trial judge may have meant by that finding of law that the plaintiffs were not jointly entitled to the damages. But that finding, must be construed with the other, which turned the plaintiffs over to their action at law for their damages, and could not, therefore, conclude them in such action should they bring one.
As to the damages for trespass upon the lands west of the railroad, the proof did not authorize a recovery by the plaintiffs. They, through their agent, had knowledge at the time of what was done by the contractors under the defendant, and made no objection. It let the contract to construct its road to the North River Construction Company. The latter company sublet the construction of the road through plaintiff’s premises to Ward, MacKin & Co., and they sublet a portion of their work to one O’Rourke, by whom the alleged trespass was committed. It does not appear that the contract which the defendant made with the North River Construction Company could not have been executed as made without any interference with plaintiff’s land on the west side of the railroad, and hence it cannot be said that the defendant caused the trespass or is liable for it. But there is a still further answer to the claim for damages on account of the trespass. The plaintiffs did not prove, and did not offer by any competent evidence to prove, any amount of damages for the alleged trespass, and the trial judge so found, and hence there was no basis for the allowance of any substantial damages to the plain *447 tiffs. The judgment should, therefore, be affirmed, with costs.
All concur.